UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES D. DUNCAN, | ) | |
|---|---|---|
| | ) | Case No. 3:24-cv-167 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Petitioner James D. Duncan filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment from the Morgan County Criminal Court. (Doc. 1.) He has paid the filing fee. For the reasons set forth below, the Court will **DISMISS** this action without prejudice.

### I. THE PETITION

Petitioner filed a handwritten "protective" habeas corpus petition identifying Morgan County Criminal Court case number 2018-CR-68 as the court rendering the judgment contested in this action. (Doc. 1.) Petitioner concedes that he currently has a post-conviction petition pending in State court but argues that, because the clerk of the Morgan County Criminal Court failed to timely forward his post-conviction petition, he only has twenty-one days remaining on the federal statute of limitations. (*See generally id.*) He asks this Court to "toll the time that was lost due to the inaction of the Morgan County Criminal Court Clerk that cost the Movant previous statute time" and grant "a protective habeas corpus application." (*Id*. at 5.)

## II. LEGAL STANDARD

Under the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule(s)"), a federal habeas petition must, as relevant here: (1) specify all available grounds for relief; (2) state the facts supporting each ground; (3) state the relief requested; and (4) be signed by the petitioner under penalty of perjury. *See* Habeas Rule 2(c). And, after an initial review, a court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[]." Habeas Rule 4; *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition." (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

A petitioner seeking federal habeas relief must exhaust his available state-court remedies before filing in federal court. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not plainly meritless; and (3) that there is no indication that the

petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–278 (2005).

**III. ANALYSIS**

The petition filed by Petitioner does not identify the conviction(s) he is challenging, his grounds for relief, the facts supporting any entitlement to relief, or the requested relief.[1] Therefore, his protective federal habeas petition does not comply with the requirements of the Habeas Rules.

Additionally, Petitioner concedes that he has a post-conviction petition pending in state court and that counsel has been appointed in that proceeding "because a colorable claim has been asserted." (Doc. 1, at 3.) Moreover, even if Petitioner is ultimately unsuccessful in the post-conviction trial court, he may appeal any unfavorable decision to Tennessee's appellate courts. *See, e.g.*, Tenn. Code Ann. § 40-30-116; Tenn. R. App. P. 3(b). Accordingly, Petitioner has filed his federal habeas petition prematurely, and the petition is unexhausted. *See* 28 U.S.C. § 2254(c).

But Petitioner's request for "a protective habeas application [to] issue" is essentially a request for the Court to stay this action and hold it in abeyance pending the resolution of Petitioner's state-court proceedings. (Doc. 1, at 1.) Petitioner argues that he only has twenty-one days remaining on his federal statute of limitations because: (1) his direct appeal opinion issued on September 29, 2022; (2) he filed his petition for post-conviction relief "with the prison mailroom" on January 4, 2023; (3) after he did not hear anything from the post-conviction court for approximately six months, he filed an appeal to the Tennessee Court of Criminal Appeals

---

[1] Petitioner states only that he desires for his federal habeas petition "to include each and every issue raised in the petition for post-conviction relief." (Doc. 1, at 5.)

("TCCA"), which investigated the matter; (4) the Morgan County Criminal Court Clerk forwarded the petition to the post-conviction court as a result of the investigation by the TCCA; and (4) the trial court finally entered a preliminary order appointing post-conviction counsel on September 8, 2023. (*Id.* at 1–3.)

But just because the TCCA issued its direct-appeal opinion almost one year before the post-conviction court entered its first preliminary order in Petitioner's post-conviction case does not mean that all the intervening time counted against Petitioner's federal limitations period. For instance, the one-year federal statute of limitations runs, as seemingly relevant here, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Thus, if Petitioner sought certiorari review, his judgment became "final" when certiorari review was denied; if he did not seek certiorari review, the judgment became "final" ninety days after the TCCA rendered its decision on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); *see also* Tenn. Sup. Ct. R. 13.1 (allowing petitioner 90 days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). Either way, Petitioner's judgment did not become "final" on September 29, 2022, when the TCCA issued its opinion.

Moreover, the post-conviction court's failure to timely act on Petitioner's post-conviction petition does not alter its effective filing date.[2] And the federal limitations period is tolled while

---

[2] Petitioner states that the Morgan County Criminal Court Clerk forwarded the post-conviction petition to the post-conviction court after the TCCA's investigation [Doc. 1 p. 2-3]. This is confusing, because if Plaintiff was convicted in the Morgan County Criminal Court, that court would be the proper post-conviction court. *See* Tenn. R. S. Ct. Rule 28, § 4(E) ("A petition shall

4

Case 3:24-cv-00167-TRM-JEM   Document 4   Filed 04/15/24   Page 4 of 6   PageID #: 13

a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Given these circumstances, the Court finds that there are no "limited circumstances" that warrant a stay and abeyance in this case. *Rhines*, 544 U.S. at 277. As noted above, the federal statute of limitations will remain tolled during the pendency of Petitioner's post-conviction proceedings in state court. *See* 28 U.S.C. § 2244(d)(1) and (2). Therefore, Petitioner, acting with diligence, may return to federal court and file his federal habeas petition after his state-court remedies are exhausted. Accordingly, a stay is unnecessary to protect Petitioner's future ability to file a federal habeas petition, and this petition should be dismissed.

IV.     **CERTIFICATE OF APPEALABILITY**

Because this ruling constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability[.]" Habeas Rule 11(a). A certificate of appealability ("COA") should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claims, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's procedural ruling here, a COA will be **DENIED**.

---

be filed in the court in which the conviction was obtained or in which the sentence was imposed.").

## V. CONCLUSION

For the reasons discussed above, Petitioner's petition for a writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**